WILLIAM J. SCOTT, Attorney General; WILLIAM J. KARAGANIS, Assistant Attorney General, for Respondent.

PER CURIAM.

(No. 75-CC-857—

COUNTY OF SANGAMON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1975.*

COUNTY OF SANGAMON, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

This cause comes before this Court on the Joint Stipulation of the claimant, County of Sangamon, and the respondent, State of Illinois. The claim stems from the expenses incurred by the County of Sangamon in the prosecution of defendants in the case of the State of Illinois v. William Earl Bassett, Robert Lee Brown, a/k/a Prentiss Ray Griffin, Alonzo Howard Jones, and John William Stamps. The specific expense from which claim is made is the expense incurred in providing court appointed legal counsel for the defendants which costs came to $23,022.37.

This claim for reimbursement of expenses is made

pursuant to Chapter 38, par 1003-6-5 of the Illinois Revised Statutes, 1973, which replaces a similar provision which was previously found in Chapter 108, par. 118 of the 1971 Illinois Revised Statutes. The statutes both provided, in essence, that when any person is charged with committing an offense while confined by the Department of Corrections, cognizance thereof shall be taken by the Circuit Court of the county wherein such crime was committed, and the court shall adjudicate and sentence the person charged with said crime in the same manner and subject to the same rules and limitations as are established by law for other persons charged with crimes. The statutes further provided that the expense of this prosecution would be paid by the Department. Also involved is chapter 146, par. 33 of the Illinois Revised Statutes, which provides that where a change of venue is requested and granted, the originating county will reimburse the county where the case is actually tried.

In this case, the prisoners were confined in Randolph County when the riot occurred at Menard Prison and the case was tried in Sangamon County pursuant to a change of venue.

Normally, the procedure set forth in the statues would be that the County of Sangamon would seek reimbursement of their expenses from the County of Randolph who in turn would seek reimbursement of their expenses from the Department of Corrections, or the County of Randolph would determine the cost expended by the County of Sangamon, and the County of Randolph would then seek this amount from the Department of Corrections. The Department of Corrections would pay that amount to the County of Randolph who would then pay it to the County of Sangamon. However, this case is being filed directly against the State of Illinois by the

County of Sangamon, and this Court finds that inasmuch as the statutes provide that the ultimate cost shall be borne by the State, that the intent of the legislature was obvious and to require that this claim be honored only when presented by the County of Randolph, would be to require circuitous or multiplicity of claims.

This court finds that the expeditious handling of this matter requires that the State implement the intention of the legislature by awarding this claim directly to the County of Sangamon.

IT IS, THEREFORE, ORDERED that the County of Sangamon be granted an award in the amount of $23,022.37 (TWENTY THREE THOUSAND TWENTY TWO DOLLARS AND THIRTY SEVEN CENTS) in payment of their expenses incurred in the prosecution costs of the defendants above set forth pursuant to statutes previously cited.