(No. 83-CC-0895-

COUNTY OF COOK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 7, 1983.*

SUSAN CONDON, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN

O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent for summary judgment and cross-motion of Claimant for summary judgment.

Claimant contends it is entitled to the sum of $48,504.61 for salaries of personnel, courtroom and office space, supplies and other expenses incurred in the prosecution of the case of *People v. Bailey,* No. 79 CG 58, arising out of a disturbance at the Pontiac Prison in Livingston County, Illinois.

Respondent, in its motion for summary judgment, states that at the close of fiscal year 1981 there was remaining in the appropriation made for such expenses the amount of $1,003.35. Respondent further set forth that after paying a prior claim, the balance remaining in this appropriation is now only $258.45. Respondent's position is that the appropriation being exhausted, with the exception of the small amount above set forth, an award cannot be made because of the exhaustion of said appropriation.

Claimant cites the case of *Fergus v. Brady* (1917), 277 Ill. 272, which states that the Court of Claims has authority to grant an award for claims "expressly authorized by law" even if such award exceeds the balance of an appropriation of the general legislature. Claimant cites section 3—6—5 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1003—6—5) which is to the

effect that payment of expenses of prosecutions where a person is charged with committing an offense while confined by the Department of Corrections is expressly authorized. Claimant's cross-motion further sets forth that where a change of venue is granted, reimbursement will be made directly to the county where the case is actually tried. Ill. Rev. Stat. 1981, ch. 110, par. 2—107; *County of Sangamon v. State of Illinois*, 30 Ill. Ct. Cl. 527.

This Court has previously passed upon situations of this kind. (See *County of Sangamon v. State of Illinois*, 30 Ill. Ct. Cl. 527, and *County of Cook v. State of Illinois*, 27 Ill. Ct. Cl. 356.) In the latter case, the Court held "where claimant incurred obligations as a matter of law, and where appropriation was depleted prior to claimant's filing for reimbursement, an award would be entered."

Respondent's motion for summary judgment is denied, and award is hereby entered in favor of Claimant in the amount of $48,504.61, in full satisfaction of any and all claims against Respondent.